UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.K., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MULLIN, et al.,<br><br>Defendants. | CASE NO. C26-2338JLR<br><br>ORDER |

Before the court is Plaintiffs B.K. and M.S.'s (collectively, "Plaintiffs") motion to proceed under pseudonyms. (Mot. (Dkt. # 5).) The court has reviewed the motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Plaintiffs' motion without prejudice to Defendants[1] opposing anonymity later in these proceedings.

[1] Defendants are Secretary of the United States Department of Homeland Security ("DHS") Mark Wayne Mullin, Director of the United States Citizenship and Immigration Services ("USCIS") Joseph B. Edlow, Acting United States Attorney General Todd Blanche, Acting Director of the Executive Office for Immigration Review Sirce E. Owen, Chief Appellate

Plaintiffs, a married couple, are Indian nationals of the Sikh religion. (Mot. at 2.) B.K. is an asylee seeking "declaratory, injunctive, [Administrative Procedure Act ("APA") 5 U.S.C. § 706], and mandamus relief to compel [USCIS] to adjudicate her pending Form I-730 Refugee/Asylee Relative Petition[,]" which she filed on behalf of her spouse, Plaintiff M.S. (Compl. (Dkt. # 1) at 1.) M.S. is currently detained by the United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center in Tacoma, Washington. (*See id.* at 2.) Plaintiffs represent that M.S. has been subject to an Order of Supervision since approximately 2012, consistently complying with his obligations to report to ICE for periodic check-ins. (*Id.*) On May 20, 2026, however, when M.S. appeared for a routine check-in, ICE detained him. (*Id.*) In the instant motion, Plaintiffs seek the court's leave to proceed under pseudonyms due to the their fear that "this case will expose them and their children to the risk of persecution by Indian state actors associated with the [current governing party of the Indian] government in the United States." (Mot. at 3.)

Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff or petitioner must name all of the parties in the title of the complaint. *See* Fed. R. Civ. P. 10(a). A party is permitted to use pseudonyms in a civil action, however, if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The court should "determine the need for anonymity by evaluating the

---

Immigration Judge Garry D. Malphrus, DHS, USCIS, and the Department of Justice (collectively, "Defendants").

following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted). "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, [ ] whether the proceedings may be structured so as to mitigate that prejudice[,]" and whether the "public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* (citations omitted). "[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (citing *Does I thru XXIII*, 214 F.3d at 1063, 1065, 1071 (considering possible retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and their family members residing in China as supporting the use of pseudonyms)). Courts in the Ninth Circuit routinely grant motions to file pseudonymously as related to asylum proceedings. *Doe v. U.S. Citizenship and Immigr. Services*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (listing cases).

Furthermore, Defendants will not be prejudiced if the court permits Plaintiffs to proceed anonymously because they know Plaintiffs' true identities by virtue of the asylum application and because Plaintiffs have already provided this information to Defendants' attorney of record. (*See* Mot. at 1-2); *see also N.I. v. Hermosillo*, No. C26-00592BAT, 2026 WL 770038, at *5 (W.D. Wash. Mar. 18, 2026) (finding no prejudice

would result from the use of pseudonyms because respondents knew the petitioner's identity).

The court has reviewed the record and considered the severity of potential harm, the reasonableness of Plaintiffs' fears, their vulnerability to retaliation, the potential prejudice to Defendants, and the public interest. (*See, e.g.*, Behl Report (Dkt. # 5-1) (providing direct testimony of expert witness Dr. Natasha Behl, country conditions report, and curriculum vitae asserting that Plaintiffs "would more likely than not be subject to human rights abuses, physical violence, torture, and threat of imminent death should [they] be forced to return to India.") The court concludes that Plaintiffs' need for anonymity outweighs countervailing considerations at this early stage of the proceedings.

Accordingly, the court grants Plaintiffs' motion to proceed under pseudonyms (Dkt. # 5). The Clerk is DIRECTED to update the docket to reflect that Plaintiffs are proceeding under the pseudonyms "B.K. and M.S." The court will revisit whether Plaintiffs may continue to proceed under pseudonyms if, at a later stage of the proceedings, Defendants so move.

Dated this 30th day of July, 2026.

JAMES L. ROBART
United States District Judge